# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. COPING,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0182**  (BOR Appeal No. 2047524)
(Claim No. 2012010438)

**ELEMENTIS SPECIALTIES, F/K/A RH,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Coping, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Elementis Specialties, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2013, in which the Board affirmed a July 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 21, 2011, decision rejecting Mr. Coping's application for workers' compensation benefits. The Office of Judges also affirmed the claims administrator's December 6, 2011, decision rejecting Mr. Coping's claim for the diagnosis of right inguinal hernia. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Coping alleges that he was injured in the course of his employment on September 20, 2011, while manipulating a large pump. On September 21, 2011, he presented at Charleston Area Medical Center's emergency department complaining of back pain, and was diagnosed with an acute thoracic and lumbar paravertebral muscle strain. On September 26, 2011, Mr. Coping presented at MedExpress complaining of back and right groin pain. He was diagnosed with a

1

right inguinal hernia, and instructed to follow up with a general surgeon for a right inguinal hernia evaluation and Mark Calfee, D.C., with whom Mr. Coping previously treated for low back pain. While at MedExpress, Mr. Coping completed an application for workers' compensation benefits stating that he injured his lower back/groin on September 20, 2011, while changing a pump. The physician's portion of the application states that Mr. Coping sustained a right inguinal hernia as a result of occupational lifting. On September 30, 2011, Mr. Coping completed a second application for workers' compensation benefits. This application also alleged a September 20, 2011, injury that occurred while changing a pump. The physician's portion of the application was completed by Dr. Calfee, who listed Mr. Coping's diagnoses as cervical, lumbar, and right groin strains. Dr. Calfee noted on the application that Mr. Coping sustained prior work-related cervical and thoracic injuries in 2010.

On October 21, 2011, the claims administrator denied Mr. Coping's application for workers' compensation benefits based on a finding that a new injury did not occur. On December 6, 2011, the claims administrator rejected Mr. Coping's claim for the diagnosis of right inguinal hernia based on a finding that he did not sustain an injury in the course of and resulting from his employment. Marsha Lee Bailey, M.D., performed an independent medical evaluation on February 24, 2012, for the purpose of evaluating both a February 6, 2010, work-related injury to Mr. Coping's back and the September 20, 2011, alleged injury that is the subject of the instant claim. She noted Mr. Coping's longstanding history of back pain and diagnosed him with chronic cervical, thoracic, and lumbar spine complaints without objective evidence demonstrative of an isolated injury occurring on September 20, 2011. She further concluded that Mr. Coping does not have a right inguinal hernia. Dr. Bailey noted that MRIs performed on February 2, 2012, revealed a normal lumbar spine and degenerative changes in the cervical spine, and opined that her examination of the cervical, thoracic, and lumbar spine failed to reveal any objective clinical findings to support Mr. Coping's subjective complaints of pain. Finally, she opined that treatment records received from Dr. Calfee and Richard Bowman II, M.D., clearly show that Mr. Coping had identical cervical, thoracic, and lumbar spine complaints six months prior to the alleged September 20, 2011, injury.

In its Order affirming the claims administrator's October 21, 2011, and December 6, 2011, decisions, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Coping did not sustain a new compensable injury on September 20, 2011. Mr. Coping disputes this finding, alleges that he sustained a work-related injury on September 20, 2011, and asserts that the claim should therefore be held compensable.

The Office of Judges found that although Mr. Coping filed an application for workers' compensation benefits stating that he sustained a right inguinal hernia as a result of his employment, the evidence of record does not demonstrate that he has a right inguinal hernia. The Office of Judges then found that the record contains evidence of Mr. Coping's prior complaints of cervical, thoracic, and lumbar spine pain, for which he received treatment before the alleged September 20, 2011, injury. In particular, the Office of Judges relied on Dr. Bailey's finding that Mr. Coping had cervical, thoracic, and lumbar spine complaints identical to those he currently reports six months prior to the date of the alleged injury. Finally, the Office of Judges concluded that the preponderance of the evidence supports the rejection of both of Mr. Coping's

applications for workers' compensation benefits. The Board of Review reached the same reasoned conclusions in its decision of January 25, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 11, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II